UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-22975-CIV-MARTINEZ-BECERRA

STUFFED BEAVER LTD.,

    Plaintiff,

vs.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**THIS MATTER** was referred to the Honorable Jacqueline Becerra, United States Magistrate Judge, for a Report and Recommendation ("R&R") on Plaintiff's Motion for Entry of Preliminary Injunction ("Motion"), (ECF No. 9). Judge Becerra filed an R&R recommending that the Motion be granted. (ECF No. 47). The Court has reviewed the entire file and record, and notes that no objections have been filed.

Accordingly, after careful consideration, it is hereby **ADJUDGED** that Judge Becerra's R&R, (ECF No. 47), is **AFFIRMED** and **ADOPTED**. Further, it is **ADJUDGED** and **ORDERED** that Plaintiff's Motion, (ECF No. 9), is **GRANTED** as follows:

    1.    Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order are restrained and enjoined until further order from this Court as follows:

        a.  From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the SABATON

Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by the Plaintiff;

b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, bearing and/or using the SABATON Marks; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the SABATON Marks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any of the Defendants, including, but not limited to, any assets held by or on behalf of any of the Defendants.

2. Each of the Defendants, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any of the Defendants having notice of this Order shall immediately discontinue the unauthorized use of the SABATON Marks on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs.

3. Each of the Defendants shall not transfer ownership of the Seller IDs during the pendency of this action, or until further Order of the Court.

4. Upon receipt of notice of this Order, the Defendants and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Defendants, including but not limited to, Amazon.com, Bonanza.com, eBay.com, Etsy.com, Wish.com, Custom Domains, and their related companies and affiliates (collectively, the "Third Party Providers"), shall restrain the transfer of

all funds, including funds relating to ongoing account activity, held or received for the Defendants' benefit or to be transferred into the Defendants' respective financial accounts, and restrain any other financial accounts tied thereto. All such restrained funds shall immediately (within 5 business days) be diverted to a holding account for the trust of the Court. No funds restrained by this Order shall be transferred or surrendered by any Third-Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

5. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, receiving notice of this Order, shall further, to the extent not already done, provide Plaintiffs' counsel with all data that details: (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to; (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained; (iii) the historical sales for the defendants' listings that are alleged to infringe Plaintiffs trademarks; and (iv) the true identities along with complete contact information including email addresses of all Defendants.

6. Any Defendant or Third-Party Provider subject to this Order may petition the Court to modify the asset restraint set out in this Order.

7. This Order shall apply to the Seller IDs, associated ecommerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by Defendants for the purpose of counterfeiting and infringing the SABATON Marks at issue in this action and/or unfairly competing with Plaintiff.

8. This Order shall remain in effect during the pendency of this action, or until such

further dates as set by the Court or stipulated to by the parties.

9. Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), the Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which the Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. The bond set forth herein was deposited with the Clerk of the Court on June 8, 2023.

**DONE AND ORDERED** in Miami, Florida, this 26 day of September, 2023.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record